IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-03292-CMA-MEH

LAURA WESTON,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. # 16). The Motion is denied for the following reasons.

### I.    BACKGROUND

This is an insurance dispute. Plaintiff was allegedly injured in a car accident caused by Eddie Mendoza. (Doc. # 5, ¶¶ 9-53). Plaintiff recovered $25,000 in damages from Mendoza's insurance carrier, (Doc. # 5, ¶¶ 125-156), and she then filed a claim for underinsured motorist ("UIM") benefits with her own insurance carrier, Defendant Auto-Owners Insurance Company. (Doc. # 5, ¶ 175). Plaintiff now alleges that Defendant unreasonably delayed or denied benefits due under the policy. (Doc. # 5, ¶ 266). She sued Defendant in Colorado state court, and Defendant removed the case to this Court on grounds of diversity jurisdiction. (Doc. # 1).

1

Plaintiff now argues that removal was not timely. (Doc. # 16, p. 3). Under 28 U.S.C. § 1446(b)(3), a defendant must generally file a notice of removal within 30 days after service of the Complaint. Defendant was served with the Complaint on July 15, 2020, but it did not remove the case until November 4. (Doc. # 26, p. 1). Therefore, Plaintiff contends, Defendant missed the 30-day removal deadline, and the case must be remanded to state court.

Defendant counters that removal was timely because Defendant removed the case as soon as it became clear that this Court had jurisdiction. (Doc. # 25). To remove a case to federal court on grounds of diversity jurisdiction, the defendant must demonstrate that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) *and* 28 U.S.C. § 1446(b)(2). Defendant argues that, because Plaintiff's Complaint did not state the amount in controversy, the case did not become removable upon service of the Complaint. (Doc. # 5; Doc. # 25-1). Rather, Defendant argues, the case became removable on October 14, 2020, when Plaintiff filed a motion indicating that she planned to seek over $100,000 in damages. (Doc. # 25, p. 2). Because Defendant filed its notice of removal within 30 days after this motion was filed, Defendant argues that removal was timely.

The Court agrees with Defendant.

## II.      LEGAL STANDARD

A defendant seeking removal on grounds of diversity jurisdiction must generally file a notice of removal within 30 days after being served with the complaint. 28 U.S.C. § 1446(b)(1). However, "[i]f the case stated by the initial pleading is not removable" – i.e.,

if it is not clear from the face of the complaint that a federal court has jurisdiction – "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"The plain purpose of the [removal] rule is . . . to permit the removal period to start only after the defendant is able to ascertain intelligently that the requisites of removability are present." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). A defendant seeking removal is required to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Therefore, the removal clock does not begin to run until the defendant has sufficient information to meet that burden. *Id.*

### III.   ANALYSIS

The allegations in the Complaint were insufficient for Defendant "to ascertain intelligently that the requisites of removability [were] present" based on the Complaint alone. *Debry*, 601 F. 2d at 489. Plaintiff's Complaint did not allege an amount in controversy; it merely stated that Plaintiff had incurred $30,543.26 in medical expenses, $25,000 of which had already been paid by Mendoza's insurance carrier. (Doc. # 5, ¶¶ 122-23, 156). These allegations suggested that Plaintiff was seeking approximately $5,543.26 in damages for her alleged injuries. The only other guidance in the Complaint as to the amount in controversy is found in the cover sheet, which stated that Plaintiff was seeking less than $100,000 in damages. (Doc. # 25-1). These allegations did not

establish that the amount in controversy exceeded $75,000, and thus did not make the case removable.

The case became removable on October 14, 2020. (Doc. # 25-3). That day, Plaintiff filed a Motion for Exclusion from Simplified Procedure, indicating that she planned to seek over $100,000 in damages.[1] This is the first clear indication in the record that the amount in controversy exceeded $75,000, and thus the earliest date that Defendant could have "intelligently" ascertained that this Court had jurisdiction over the matter. *DeBry*, 601 F.2d at 489. Defendant filed its notice of removal on November 4, 2020 – just 21 days after the case became removable. Therefore, Defendant's notice of removal was timely. 28 U.S.C. § 1446(b)(3).

Plaintiff argues, however, that it should have been clear from the face of the Complaint that she was seeking between $75,000 and $99,999.99 in damages (Doc. # 5, pp. 4-5). Specifically, Plaintiff points to the fact that her Complaint alleged "non-economic damages" for "pain and suffering, loss of enjoyment of life, [and] mental anguish." (Doc. # 16, p. 4)). But the Complaint contains no guidance as to the amount of those damages. Where a complaint alleges additional damages without alleging facts to establish the amount of those damages, the defendant is left "to guess as to whether

---

[1] Under the Colorado Rules of Civil Procedure, a plaintiff seeking less than $100,000 in damages may proceed under the simplified procedural rules outlined in C.R.C.P. 16.1; a plaintiff seeking more than $100,000 in damages must generally proceed under the ordinary rules of procedure outlined in C.R.C.P. 16. In this case, Plaintiff had initially claimed that she was seeking less than $100,000 in damages, and that she therefore wished to proceed under the simplified procedure of Rule 16.1. Her October 14 Motion indicated, however, that Plaintiff had changed her mind; that she now sought over $100,000 in damages; and that she wished to proceed under the ordinary procedural rules. (Doc. # 25-3).

the claim exceeded $75,000," and the removal clock does not begin to run. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999).

Finally, Plaintiff argues that because her Complaint included a claim for treble damages, attorney fees, and litigation costs, Defendant should have known the case was removable as soon as it received a copy of the Complaint. (Doc. # 16, p. 4). This argument also fails. "The mere fact that Colorado law allows trebling of damages or generous prejudgment interest is unhelpful in determining whether the amount at issue exceeds $75,000, at least until one can ascertain the base amount of damages that may be subject to trebling or interest." *Tafoya v. Am. Fam. Mut. Ins. Co.*, 08-cv-1656-MSK-MEH, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009). Thus, merely asserting a right to treble damages or attorney fees in the complaint is generally not sufficient to establish an amount in controversy over $75,000. *Id.* Plaintiff's claim for treble damages and attorney fees did not allow Defendant to "intelligently ascertain" that the amount in controversy was, as Plaintiff contends, between $75,000 and $99,999.99. *Debry*, 601 F. 2d at 489. Therefore, the case was not removable based on the Complaint alone.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's Notice of Removal (Doc. # 1) is timely. The Motion to Remand (Doc. # 16) is therefore DENIED.

DATED: April 21, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge